-UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROGRESSIVE MICHIGAN
AUTOMOBILE INSURANCE CO.,

        Plaintiff,                     Civil Case No. 14-13859
                                                   Honorable Linda V. Parker

v.

NATIONAL CASUALTY CO.,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On September 15, 2014, Plaintiff Progressive Michigan Automobile Insurance Company ("Progressive") filed this lawsuit in a Michigan state court against Defendant National Casualty Company ("National"), seeking reimbursement for personal protection insurance benefits Progressive paid to its insured, Mildred Davis ("Davis"). National removed Progressive's Complaint to federal court on the basis of diversity jurisdiction on October 6, 2014. Presently before the Court are cross-motions for summary judgment filed by the parties pursuant to Federal Rule of Civil Procedure 56. The motions have been fully briefed and the Court held a hearing with respect to the motions on September 30, 2015. Finding that Progressive's claim for reimbursement is barred by the

applicable statute of limitations, the Court grants National's motion for summary judgment and denies Progressive's motion.

## I.    Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact."  *Id*. at 323.  Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).  To demonstrate a genuine issue, the nonmoving party must present sufficient evidence

upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

Courts evaluate cross-motions for summary judgment under the same standard. *La Quinta Corp. v. Heartland Props., LLC*, 603 F.3d 327, 335 (6th Cir. 2010) (citing *Beck v. City of Cleveland*, 390 F.3d 912, 917 (6th Cir. 2004)). When faced with cross- motions for summary judgment, each motion is examined on its own merits. *Id*.

## II.   Factual and Procedural Background

On June 2, 2008, Davis was a passenger in a vehicle insured by National which was involved in a motor vehicle accident. At the time of the accident, Progressive insured Davis. Subsequent to the accident, Davis incurred substantial medical bills which were paid in part by Progressive as her insurer, as required by Michigan's no-fault act. National was provided notice of the claim after the accident. (ECF No. 29, Ex. A.)

On November 17, 2011, Davis sued Progressive in state court for reimbursement of medical bills and expenses which Progressive had refused to pay. (ECF No. 19, Ex. B.) The matter eventually proceeded to binding arbitration, which resulted in an award to Davis of $157,500.00. (*Id*., Ex. G.) The award covered "all no fault benefits incurred through July 25, 2013 of any type as well as future friend/family provided attendant care." (ECF No. 27, Ex. D.) The service

3

dates identified on Davis' "Medical Payment Details" (submitted in the state court) range from June 2, 2008 through July 25, 2013. (*Id.*, Ex. F.) Progressive paid the arbitration award and the matter was dismissed. National claims, and Progressive does not dispute, that National was provided no notice of Davis' lawsuit, the arbitration, or the ensuing arbitration award. (*See* ECF No. 27 at Pg ID 487.)

Progressive then initiated this lawsuit on September 15, 2014, seeking to recover the personal protection insurance benefits it paid Davis pursuant to the arbitration award. After the matter was removed to federal court, the parties stipulated to an order which essentially establishes National as the priority payee of Davis' benefits pursuant to Michigan no-fault law. (ECF No. 19, Ex. A; ECF No. 18.)

### III. The Parties' Summary Judgment Arguments

Progressive spends the majority of its ten page summary judgment brief quoting sections of Michigan's no-fault statute and case law regarding the doctrines of collateral estoppel and res judicata. In the final page of its brief, however, Progressive acknowledges that neither collateral estoppel nor res judicata applies to its claim against National. (ECF No. 19 at Pg ID 245.) Progressive then sets forth what it *is* arguing in support of its summary judgment motion:

> Three (3) independent arbitrators came to the resolution that the medical expenses [sought by Davis] were reasonable and necessary and granted arbitration award [sic] in favor of Ms. Davis. Any and all arguments which could be raised by Defendant in this matter were

> properly raised, [sic] by the Plaintiff in attempt to defend against the action and ultimately in the arbitration.  Defendant being in the same position as Progressive was in the action with Ms. Davis, raising the same issues as to the reasonableness and necessity as to the expenses as incurred, making the same arguments, reduced the liability from Ms. Davis [sic] original requested amount in case evaluation from well over $600,000.00 to $157,000.00, was very successful in its arguments.

(*Id.*)  From what the Court understands, Progressive is arguing that because the arbitration involved identical issues as the present lawsuit and three independent arbitrators concluded that Davis' medical expenses were reasonable and necessary and thus covered under the no-fault act, National, as priority payee, must reimburse Progressive for Progressive's payment of those benefits.  (*Id.*)  What legal authority supports Progressive's argument is unclear from its motion.

National argues in response and in its summary judgment motion that Progressive's action is barred by the no-fault act's statute of limitations, Michigan Compiled Laws § 500.3145(1).[1]  According to National, Progressive has no greater rights than Davis to recover personal protection insurance benefits from National.  Stated differently, Progressive stands in the shoes of Davis.  Section 500.3145(a) limits recovery in an action for personal protection insurance benefits to those

---

[1] National also argues in its response to Progressive's summary judgment motion that because National never received notice of Davis' lawsuit, the arbitration, or arbitration award, Progressive is not entitled to summary judgment on its claim for reimbursement from National without showing actual liability for the amounts Progressive paid Davis.  For the reasons discussed *infra*, the Court need not resolve this issue.

losses incurred within one year preceding the commencement of an action to recover such benefits. *Devillers v. Auto Club Ins. Ass'n*, 702 N.W.2d 539, 547 (Mich. 2005). Because Progressive seeks recovery of benefits incurred by Davis no later than July 25, 2013, National argues that this lawsuit-- filed more than a year later-- is time-barred.

Progressive contends that its lawsuit is not barred by the no-fault act's statute of limitations because this action, according to Progressive, is not a "pure 'subrogation' claim." (ECF No. 29 at Pg ID 538.) Progressive maintains that its lawsuit is, instead, an action for recoupment. (*Id.*) Even if this is a subrogation case to which the no-fault act's one year statute of limitations applies, Progressive argues that National had notice of Progressive's claim within one year of the accident and within one year of when the claims were incurred.

## IV.   Applicable Law and Analysis

Michigan case law makes clear that the current action is a subrogation action. *See, e.g., Yerkovich v. AAA*, 610 N.W.2d 542 (Mich. 2000); *Titan Ins. Co. v. N. Pointe Ins. Co.*, 715 N.W.2d 324 (Mich. Ct. App. 2006); *Fed. Kemper Ins. Co. v. W. Ins. Cos.*, 293 N.W.2d 765 (Mich. Ct. App. 1980); *Button v. Progressive Mich. Ins. Co.*, No. 314835, 2014 Mich. App. LEXIS 1661 (Mich. Ct. App. Sept. 4, 2014). As the Michigan Supreme Court provided in *Yerkovich*:

> Traditional subrogation is defined by Black's Law Dictionary (4th ed.); p. 1595, as "[t]he substitution of one person in the place of

> another with reference to a lawful claim, demand or right, ... so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities."

610 N.W.2d at 544. Thus in *Titan Insurance*, an action by the insurer of a person injured in a motor vehicle accident against the insurer of the driver that caused the accident was deemed to be a subrogation action. 715 N.W.2d at 326.

As the Michigan Supreme Court stated in *Yerkovich*, what rights the subrogee has in a subrogation action is dependent on what rights its subrogor would have had if the subrogor had brought the action him or herself: "As a subrogee, one stands in the shoes of the subrogor and acquires no greater rights than those possessed by the subrogor." 610 N.W.2d at 544 (citing *Shermer v. Merrill*, 33 Mich. 284, 287 (1876)). Stated differently: " 'A subrogee acquires no greater rights than those possessed by his subrogor and the subrogated insurer is merely substituted for his insured.' " *Fed. Kemper Ins. Co.*, 293 N.W.2d at 768 (quoting *N.W. Mut. Ins. Co. v. Jackson Vibrators*, 402 F.2d 37, 40 (6th Cir. 1968)); *see also Titan Ins.*, 715 N.W.2d at 326. To determine what those rights are, a court must identify the nature of the subrogee's claim. "The nature of the lawsuit by a no-fault carrier in a subrogation action is determined by looking at the nature of the claim that the insured would have against the primary insure[r]." *Button*, 2014 Mich. App. LEXIS 1661, at *7 (citing *Auto-Owners Ins. Co. v. Amoco Prod. Co.*, 658 N.W.2d 460, (Mich. 2003) ("The nature of the claim asserted by the subrogee

7

is determined by the nature of the claim that the subrogor would have had against the primary insurer."); *see also Auto Club Ins. Ass'n v. New York Life Ins. Co.*, 485 N.W.2d 695, 699 (Mich. 1992) ("[T]he nature of the present suit by [the plaintiff], as suborgee, is determined by the nature of the claim that [its insured] would have had against [the defendant].").

In the present action, Progressive stands in the shoes of Davis seeking to recover personal protection insurance benefits from National as the priority payee. As Davis' claim against National would have been for benefits under Michigan's no-fault act, Progressive's subrogation action is a no-fault claim as well. This is what distinguishes this action from those cited by Progressive in response to National's statute of limitations argument. *See, e.g., Auto Club Ins. Ass'n v. New York Life Ins. Co.*, 485 N.W.2d at 699-700 (concluding that a no-fault insurer's action against its insured's medical insurer to recover expenses paid after insured was injured in an automobile accident was not an action covered under the no-fault act, as a suit brought by the insured against his medical insurer would be a suit to enforce its health and accident contract, rather than an action for recovery of no-fault benefits); *Auto Club Ins. Ass'n v. Health Alliance Plan*, No. 2:07-cv-14839, 2009 U.S. Dist. LEXIS 6326, at *5 (E.D. Mich. Jan. 29, 2009) (defining no-fault insurer's claim for reimbursement against ERISA health-care plan, which no-fault insurer alleged had the primary obligation to pay on insured's claims, as an ERISA

action). Progressive's action for recovery of personal protection insurance benefits therefore is governed by the no-fault act, including the one-year limitations period set forth in Michigan Compiled Laws § 500.3145(1). *See Titan*, 715 N.W.2d at 326 (holding that § 500.3145(1) applies in an action where the plaintiff-insurer paid personal protection insurance benefits that the defendant-insurer allegedly should have paid to the plaintiff's insured and the plaintiff-insurer sought to recoup the benefits it paid); *see also Button*, 2014 Mich. App. LEXIS 1661 *8 (holding that the action by an insurer who mistakenly paid benefits on behalf of injured party against the priority payee, "even to the extent labeled a common-law claim for reimbursement for mistaken payments, is subject to the one-year-back rule[]" in § 500.3145(1)).

> The no fault act's statute of limitations provides in pertinent part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

Mich. Comp. Laws § 500.3145(1).  Stated succinctly, the statute "limits recovery in an action for [personal protection insurance] benefits to those losses incurred within one year preceding *the commencement of an action* to recover such benefits."  *Devillers*, 702 N.W.2d at 547.  Contrary to Progressive's assertion, and as the plain language of the statute makes clear, it matters not when notice of the accident was provided to National for purposes of determining whether a claim is time-barred.

Progressive filed the instant action on September 15, 2014.  The one-year-back rule precludes Progressive from recovering personal protection insurance benefits incurred more than a year earlier.  All of the benefits for which it seeks reimbursement were incurred by Davis before July 25, 2013-- that is, one year before the lawsuit was filed.

In short, Progressive's action for recoupment of the benefits it paid Davis pursuant to the arbitration award is time-barred under Michigan's no-fault act.  Having reached this conclusion, the Court need not address the issue raised in Progressive's summary judgment motion.

Accordingly,

**IT IS ORDERED** that Plaintiff Progressive Michigan Insurance Company's motion for summary judgment (ECF No. 19) is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant National Casualty Company's motion for summary judgment (ECF No. 27) is **GRANTED**.


Date: October 15, 2015         s/Linda V. Parker
                               LINDA V. PARKER
                               UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 15, 2015, by electronic and/or ordinary mail.

                               s/Teresa McGovern
                               acting in the absence of Richard Loury
                               Case Manager, (810) 341-7064